**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 05 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARJINDER SINGH CHANA, | No. 16-70066 |
| Petitioner, | Agency No. A088-547-312 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2018**
Seattle, Washington

Before: HAWKINS, McKEOWN, and W. FLETCHER, Circuit Judges.

Petitioner Harjinder Chana ("Chana"), a native and citizen of India, petitions

for review of the Board of Immigration Appeals' ("BIA") order affirming the

immigration judge's ("IJ") denial of his application for asylum. We deny the petition.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the BIA and IJ's adverse credibility determination. Chana contends he was persecuted in India because of his involvement in the All India Sikh Student Federation and Shirmani Akali Dal Mann parties, and that he was arrested and beaten three times: in 1984, 2004, and 2009. Chana's testimony and declaration indicated the second arrest occurred just as he stepped outside the gurdwara on June 6, 2004. However, the declaration of his wife, which he submitted to corroborate his claim, indicates that she was an eyewitness as the police raided their home and arrested him on June 6, 2004. As the IJ and BIA noted, this was a significant inconsistency about one of the core events forming the basis for his claim of persecution. *See Manes v. Sessions*, 875 F.3d 1261, 1264–65 (9th Cir. 2017) (affirming adverse credibility determination based on inconsistencies between testimony and documentary evidence, particularly where documents went directly to the claimed basis for persecution). The IJ was not required to credit Chana's explanation that, despite his testimony that he had read his wife's declaration, neither he nor his wife noticed the error, and it was merely a typographical error. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011).

Nor does the medical report Chana submitted corroborate his claims regarding the 2004 arrest; as the IJ and BIA noted, the handwritten report is virtually illegible and not dated contemporaneously with the actual incident. In addition, Chana's

2

declaration indicates he was treated with stitches for a head wound following the 2004 incident, whereas he claims the submitted medical report verifies "injuries to his soft tissue and his abdomen." Thus, even if we were to accept his interpretation of the document, it would not corroborate his account.

Finally, to the extent Chana contends the IJ should have sua sponte granted him a continuance to afford him an opportunity to bring corroborating witnesses to court to affirm or explain their declarations, Chana failed to exhaust this claim before the BIA. Because this is an alleged procedural error that the BIA could have corrected within the administrative tribunal if afforded the opportunity, Chana's failure to exhaust has waived the claim and deprived us of jurisdiction over it. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013).

**Petition DENIED in part; DISMISSED in part for lack of jurisdiction.**