**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 7 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JOSE JAVIER ESCAMILLA, AKA Jose Escamilla Amaya, AKA Julio Gonzalez, AKA Jose Salcido,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    17-72725

Agency No. A070-534-851

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 5, 2020[**]
Pasadena, California

Before:  M. SMITH, BADE, and BRESS, Circuit Judges.

Jose Escamilla petitions for review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal and affirming the immigration judge's determination that Escamilla is ineligible for asylum and withholding of removal.

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252 to review exhausted challenges to a final order of removal. We deny the petition in part and dismiss in part.

We review denials of asylum and withholding of removal "for substantial evidence." *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017) (quoting *Ling Huang v. Holder*, 744 F.3d 1149, 1152 (9th Cir. 2014)). "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We review the BIA's legal determinations *de novo*. *Edu v. Holder*, 624 F.3d 1137, 1142 (9th Cir. 2010).

As relevant here, the Immigration and Nationality Act allows asylum and withholding of removal to be granted to an alien who proves, among other things, "membership in a particular social group." *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A), 1231(b)(3)(A). To demonstrate membership in such a group, an alien must show, among other things, that the group is "socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (BIA 2014)). Social distinction may be shown by evidence that the proposed group's shared characteristic would "generally be recognizable by other members of the community," or evidence that "members of the proposed group would be perceived as a group by society." *Id.* at 1136 (quoting *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1088–89 (9th Cir. 2013)

2

(en banc)).

Substantial evidence supports the BIA's determination that Escamilla's proposed group—individuals who have witnessed and reported gang violence to law enforcement—is not socially distinct in Salvadoran society. In *Conde Quevedo v. Barr*, 947 F.3d 1238 (9th Cir. 2020), we held that substantial evidence supported the BIA's determination that the proposed social group of Guatemalans who "report the criminal activity of gangs to the police" was not socially distinct. *Id.* at 1243. As in *Conde Quevedo*, there is no evidence here that Salvadoran society "recognizes those who, without more, report gang violence as a distinct group"; that any Salvadoran "law or program protect[s] those who, without more, make police reports"; or that Escamilla had any involvement with law enforcement beyond reporting a shooting he observed while walking home. *Id.* (emphasis omitted).

Our decision in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), does not require a different conclusion. In *Henriquez-Rivas*, we held that a proposed group of "people who *testified* against gang members" in El Salvador was socially distinct, relying on a special witness protection law for those who testify in court. *Id.* at 1091–93 (emphasis added). Escamilla's proposed social group sweeps much more broadly. Escamilla points to no evidence that individuals who report crimes have the same unique status and profile in Salvadoran society as witnesses in court proceedings, so *Henriquez-Rivas* is not a basis to disturb the BIA's denial of

3

relief.  *See Conde Quevedo*, 947 F.3d at 1243 ("Petitioner's proposed social group differs from the group proposed by the petitioner in *Henriquez-Rivas*.").

Escamilla also argues his proposed social group is cognizable under the United Nations High Commissioner for Refugees *Guidelines on International Protections* and as a family-based group.  Because these arguments were not presented to the BIA, we lack jurisdiction to consider them.  8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

**PETITION DENIED IN PART AND DISMISSED IN PART.**