**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

JUL 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**FOR THE NINTH CIRCUIT**

YANQIU HOU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.  15-70143

Agency No. A201-009-771

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2020[**]

Before:  THOMAS, Chief Judge, HAWKINS and McKEOWN, Circuit Judges.

Yanqiu Hou, a native and citizen of China, petitions pro se for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010).  We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on internal inconsistencies in Hou's testimony; inconsistencies between Hou's testimony and her documentary evidence (such as business, medical, and identity documents); and her demeanor.  *Id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances); *Huang v. Holder*, 744 F.3d 1149, 1153-54 (9th Cir. 2014) (an adverse credibility determination based on the alien's demeanor should be afforded special deference because such assessments are often based on nonverbal cues and thus, the IJ is best suited to make demeanor determinations).  Hou's explanations do not compel a contrary conclusion.  *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies).  Hou also failed to provide reasonably available corroborative evidence that she resided in California prior to November 2012.  *See Shrestha*, 590 F3d. at 1047-48.  In the absence of credible testimony, Hou's asylum and withholding of removal claims fail.  *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Hou's CAT claim because it was based on the same evidence found not credible, and Hou does not point to any other evidence in the record that compels the conclusion that it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

To the extent Hou claims the IJ was biased and she was denied a full and fair hearing, we lack jurisdiction to consider the claims because she didn't raise them before the BIA and they are the type of claimed due process violations that can be corrected by the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**