**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NANCY CARDENAS GARCIA; AXEL
SAID VILLANUEVA CARDENAS,

Petitioners,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   18-72878

Agency Nos.   A208-118-862
A208-118-863

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 7, 2020
Seattle, Washington

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,*** District
Judge.

Nancy Cardenas Garcia seeks review of the Board of Immigration Appeals'

(BIA) denial of asylum, withholding of removal, and relief under the Convention

Against Torture (CAT).  She asserts that the physical and sexual assaults by her

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*\*      The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

former husband amount to past persecution and that she has a well-founded fear that she would suffer future persecution on the basis of family membership and indicates that she faces torture if removed to Mexico. We dismiss in part and deny in part.

To be eligible for asylum, an applicant must demonstrate that she is a refugee and is unwilling or unable to return to her country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); 8 C.F.R. § 208.16(b). We defer to the agency's factual findings unless any reasonable adjudicator would be compelled to conclude to the contrary. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995).

Garcia asserts that she was persecuted and has a well-founded fear of future persecution on account of membership in a particular social group, namely, her husband's family. However, the agency found that even if her former husband's family constituted a particular social group, Garcia had failed to provide evidence that her former husband had mistreated other members of his family or had any motive to harm his family. On appeal, Garcia has not demonstrated that she was persecuted on account of her membership in her husband's family. The failure to show nexus to a protected ground also defeats her claim for withholding. *See Al-*

*Harbi v. I.N.S.*, 242 F.3d 882, 888–89 (9th Cir. 2001).

Garcia also argues that she was persecuted because of membership in her *nuclear* family. But this assertion was not adequately presented and so was not considered by the agency. Therefore, we lack jurisdiction to consider this argument. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

In addition, Garcia asserts before us that she was persecuted based on her membership in a social group defined as abused women in a corrupt country. We lack jurisdiction to consider this argument because Garcia did not raise it before the BIA. *See id.*

Finally, Garcia did not present evidence that the government would acquiesce in further persecution as needed to prevail on her CAT claim. *See* 8 C.F.R. § 1208.18(a)(1); *Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010).

The petition for review is **DISMISSED IN PART** AND **DENIED**.