**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANGEL ANTONIO DIAZ-MENDOZA,
AKA Chayo Mendoza,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    20-70023

Agency No. A205-386-378

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 10, 2020[**]
San Francisco, California

Before:  TALLMAN, MURGUIA, and CHRISTEN, Circuit Judges.

Angel Diaz-Mendoza, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, and protection under the Convention Against Torture

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we dismiss in part and deny in part the petition for review.

1.      Petitioner missed the filing deadline by seventeen years when he raised his asylum claim in defense of removal. The BIA did not err in finding that Petitioner failed to show "extraordinary circumstances" to justify his failure to file for asylum within one year of his 2002 entry into the United States. *See* 8 U.S.C. § 1158(a)(2)(B), (D). Petitioner's testimony that his brother misinformed and dissuaded him from seeking asylum does not constitute an "extraordinary circumstance." *See Antonio-Martinez v. INS*, 317 F.3d 1089, 1093 (9th Cir. 2003) ("As a general rule, ignorance of the law is no excuse . . . .") (citation omitted). Further, Petitioner's argument that his application delay was attributable to possible mental incompetency was rejected as unpersuasive by the BIA and thus presents a disputed issue of fact which we do not have jurisdiction to review. *Gasparyan v. Holder*, 707 F.3d 1130, 1134 (9th Cir. 2013) ("Where the underlying facts are disputed, . . . we lack jurisdiction to review the Board's extraordinary circumstances determination.") (citations omitted). Petitioner's changed country conditions argument was not raised before the BIA, is therefore unexhausted, and for that reason is not within the scope of our review. *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019) (citation omitted).

**2.** The BIA did not abuse its discretion in determining that Petitioner was ineligible for withholding of removal because his prior felony assault conviction constituted a "particularly serious crime." Our abuse of discretion review of a "particularly serious crime" determination "is limited to ensuring that the agency relied on the 'appropriate factors' and '[]proper evidence' to reach this conclusion." *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015) (alteration in original) (citation omitted). "The applicable legal standard to determine if a crime is particularly serious . . . requires the agency to ask whether 'the nature of the conviction, the underlying facts and circumstances and the sentence imposed justify the presumption that the convicted immigrant is a danger to the community.'" *Id.* (citations omitted). Here, the BIA properly applied these factors to Petitioner's conviction. Petitioner asks us to reconsider the facts of his conviction and reweigh the relevant factors, which we do not have jurisdiction to do. *Id.* at 1077–78 (citation omitted).

**3.** Substantial evidence supports the BIA's finding that Petitioner did not meet his burden of showing more likely than not that he would be tortured if returned to El Salvador. "Under the substantial evidence standard, the court upholds the BIA's determination unless the evidence in the record compels a contrary conclusion." *Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007) (citation omitted). Petitioner's argument that he last dressed as a woman in 2013

3

does not compel us to find that the BIA's decision is incorrect. The BIA noted that the last alleged act of persecution occurred more than twenty years ago when Petitioner was nineteen years old and that he had safely relocated to another part of the country. Substantial evidence thus supports the BIA's conclusion that Petitioner's likelihood of facing future torture was too speculative to give rise to CAT relief and the danger had lessened with the passage of time.

4.      We lack jurisdiction to consider Petitioner's competency argument because he did not exhaust this issue before the BIA. *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013). Petitioner's remaining arguments supporting the merits of his claims for relief from removal are not grounds on which the BIA relied in rendering its decision, so they are not within our scope of review. *Arrey*, 916 F.3d at 1157.

**PETITION FOR REVIEW DISMISSED in part AND DENIED in part.** Petitioner's Motion for Stay of Removal (ECF No. 1) is **DENIED AS MOOT.**