**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROSAURA SOLA, *Petitioner*, v. ERIC H. HOLDER, JR., Attorney General, *Respondent*. | No. 11-71917 Agency No. A079-527-101 OPINION |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted
May 9, 2013—Pasadena, California

Filed June 27, 2013

Before: Diarmuid F. O'Scannlain, Richard A. Paez, and
Sandra S. Ikuta, Circuit Judges.

Per Curiam Opinion

## SUMMARY[*]

### Immigration

The panel dismissed for lack of jurisdiction Rosaura Sola's petition for review of the Board of Immigration Appeals' decision finding her removable and denying her temporary protective status relief.

The panel held that Sola failed to exhaust the only issue raised in her petition for review, an argument that the government denied her due process by placing her in removal proceedings without her husband. The panel held that Sola's claim did not fall within the exhaustion exception for constitutional challenges to the immigration laws and procedures, because the IJ or BIA could have addressed it by granting her a continuance until she and her husband could be placed in removal proceedings together.

### COUNSEL

Jaime Jasso (argued), Westlake Village, CA for Petitioner.

Tony West, Assistant Attorney General, David V. Bernal, Assistant Director, and Jesse M. Bless (argued), Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

PER CURIAM:

Petitioner Rosaura Sola, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals (BIA) order affirming an Immigration Judge's (IJ) decision finding Sola removable, denying her temporary protective status (TPS) relief, and granting her voluntary departure in lieu of removal. Because Sola failed to exhaust the only issue raised in her petition for review, we dismiss the petition for lack of jurisdiction. 8 U.S.C. § 1252(d)(1).

Sola's husband, Ebelio Sola Rosa (Ebelio Rosa), is a native and citizen of El Salvador. He affirmatively applied for asylum under 8 U.S.C. § 1158 and special rule cancellation of removal under the Nicaraguan Adjustment and Central American Relief Act (NACARA), Pub. L. No. 105-100, 111 Stat. 2160 (1997), as amended by Pub. L. No. 105-139, 111 Stat. 2644 (1997); *see also* 8 C.F.R. § 1240.66. Both these forms of relief are available to an applicant's spouse and children as derivative beneficiaries of the applicant. 8 U.S.C. § 1158(b)(3)(A); 8 C.F.R. § 1240.61(a)(4). Sola submitted an affirmative application for NACARA relief as well. Her application rested on her status as a derivative beneficiary of Ebelio Rosa, however, and she was therefore entitled to relief under NACARA only if Ebelio's application was granted. Their affirmative applications were denied. At this point, Sola was placed into removal proceedings. But Ebelio Sola Rosa was not placed into removal proceedings because he was granted TPS under 8 U.S.C. § 1254a.

If Ebelio Sola Rosa is ever placed in removal proceedings, he will have the opportunity to have his NACARA and asylum claims re-adjudicated before an IJ. Petitioner Sola argues that she was denied due process when the government placed her in removal proceedings without her husband because she is unable to assert her claims to derivative relief on the basis of her husband's NACARA and asylum claims. If she were placed in removal proceedings at the same time as her husband, he would be able to pursue those claims again and she could then pursue her derivative claims as well.

Sola did not raise this due process argument before the IJ or the BIA. This court may review a final order of removal only if "the alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). However, "[a]n exception to the exhaustion requirement has been carved for constitutional challenges to the Immigration and Naturalization Act and INS procedures," *Rashtabadi v. INS*, 23 F.3d 1562, 1567 (9th Cir. 1994), because "[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers," *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006).

Not all due process claims fall within this exhaustion exception. "The key is to distinguish the procedural errors, constitutional or otherwise, that are correctable by the administrative tribunal from those that lie outside the BIA's ken." *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). In other words, "[c]hallenges to procedural errors correctable by

the administrative tribunal, must be exhausted before we undertake review." *Sanchez-Cruz v. INS*, 255 F.3d 775, 780 (9th Cir. 2001) (internal quotation marks omitted); *see also Barron*, 358 F.3d at 676–78 (requiring exhaustion of a due process claim based on alleged absence of counsel and lack of opportunity to present a case).

In this case, we agree with the government's assertion at oral argument that the IJ or BIA could have addressed Sola's due process argument, if they found it to be meritorious, by granting her a continuance until such time that both she and her husband could be placed in removal proceedings together. Under 8 C.F.R. § 1003.29, "[t]he Immigration Judge may grant a motion for continuance for good cause shown." Certainly, a potential due process violation, if Sola could establish one, would constitute "good cause." *Id.*; *see Cruz Rendon v. Holder*, 603 F.3d 1104, 1111 (9th Cir. 2010) (holding that the IJ abused her discretion by denying a continuance and the denial of the continuance, in conjunction with other limits placed on the petitioner's testimony, prevented the petitioner "from fully and fairly presenting her case").

If Sola had raised this due process issue before the IJ or BIA in the context of requesting a continuance, that would have preserved the due process claim for appeal to this court without short-circuiting the agency's "opportunity to correct its own errors." *Arsdi v. Holder*, 659 F.3d 925, 928 (9th Cir. 2011) (internal quotation marks omitted). This court would then have had jurisdiction to review the denial of the continuance for abuse of discretion, and to review de novo the underlying due process claim. *See An Na Peng v. Holder*, 673 F.3d 1248, 1254 (9th Cir. 2012) (reviewing de novo the BIA's legal conclusion underlying the denial of a

continuance); *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) ("We review for abuse of discretion an IJ's denial of a continuance."); *see also Jiang v. Holder*, 658 F.3d 1118, 1120 (9th Cir. 2011) (holding that the IJ's denial of a continuance was an abuse of discretion); *Malilia v. Holder*, 632 F.3d 598, 607 (9th Cir. 2011) (same).

Because the IJ or BIA could have addressed Sola's claim if she had raised it, her claim does not fall within the exception to the exhaustion requirement. Since Sola failed to exhaust her claim, we do not have jurisdiction to consider the only issue raised in her petition for review. 8 U.S.C. § 1252(d)(1). Therefore, we dismiss the petition for lack of jurisdiction.

**PETITION DISMISSED.**