**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

MAY 15 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FENXIN CHEN,

        Petitioner,

   v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

No. 09-72318

Agency No. A099-880-979

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]
San Francisco, California

Before: GRABER, W. FLETCHER, and PAEZ, Circuit Judges.

Fenxin Chen petitions for review of the order of the Board of Immigration

Appeals ("BIA") affirming the immigration judge's ("IJ") denial of his post-REAL

ID Act of 2005 application for asylum, withholding of removal, and relief under

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252, and we deny in part and dismiss in part his petition.

Substantial evidence supports the agency's determination, under the standards of the REAL ID Act, that Chen failed to present credible testimony in support of his application.  A credibility determination must consider the totality of the circumstances and all relevant factors.  The "inconsistency, inaccuracy, or falsehood" on which an adverse credibility determination relies need not "go[] to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010).

In making his adverse credibility finding, the IJ noted Chen's "garbling of religious belief and popular culture."  Chen testified that he did not know what Easter was, but had told the asylum officer that it was the "turkey festival" and that the turkey had saved the people of the United States.  The IJ observed, on the other hand, the "crispness" of Chen's answer about spreading the gospel in which he referred to a Biblical verse.  Chen's confusion regarding a key Christian holiday, in contrast to his ability to recite passages from the Bible, led the IJ to conclude that Chen was not testifying credibly, but that he had "simply memorized answers for the benefit of his asylum hearing."  The BIA held that the IJ's adverse credibility finding was not clearly erroneous.  On appeal, Chen's explanation of the discrepancy—that he was able to recite Bible verses because his intensive Bible

2

study in the United States had given him detailed knowledge of scripture—does not compel a contrary conclusion. *See* 8 U.S.C. § 1252(b)(4)(B).

Chen contends that the BIA erred in denying withholding of removal by failing to take into account his active Christian activities in the United States. But he did not raise that issue before the BIA; accordingly, we lack jurisdiction to consider it. *See, e.g.*, *Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam) (explaining that failure to raise an issue before the BIA generally constitutes a failure to exhaust and deprives the court of subject-matter jurisdiction).

Finally, Chen's claim for relief under CAT fails. Apart from the statements the agency found not credible, his claim rests solely on broad statements about China's human rights record. *Shrestha*, 590 F.3d at 1048–49 ("[T]o reverse the [denial of CAT relief,] we . . . have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured. (internal quotation marks omitted) (third alteration in original)). And while the country reports mention abuse of members of house church groups, they do not establish that it is more likely than not that Chen would be tortured in China.

**PETITION DISMISSED in part and DENIED in part.**

3