
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTINE AANTJE TREES LUMENO, | No. 12-73724 |
| Petitioner, | Agency No. A000-089-875 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 8, 2014
Portland, Oregon

Before: KOZINSKI, FISHER and DAVIS,** Circuit Judges.

Christine Lumeno petitions this court for review of the Board of

Immigration Appeals' (BIA) denial of her asylum application as time-barred. We

have jurisdiction under 8 U.S.C. § 1252, and we deny the petition in part and

dismiss in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court
of Appeals for the Fourth Circuit, sitting by designation.

**1.** Substantial evidence supports the BIA's conclusion that the circumstances related to Lumeno's failure to file her asylum application within a reasonable period after the BIA's dismissal of her husband Feng Chen's appeal were intentionally created by Lumeno through her own inaction. *See* 8 C.F.R. § 1208.4(a)(5).

The relevant period of time is between August 2006, the date of the BIA's dismissal of Chen's appeal and the final denial of Lumeno's derivative asylum application, and February 2008, when Lumeno was placed into removal proceedings and thus bound by the immigration court's filing deadlines. *See* 8 C.F.R. § 208.2(b). Lumeno testified that her husband's attorney estimated in August 2005 that the appeal process could take "18-24 months or longer," but she alleges she did not learn about the BIA's denial until her husband was arrested in February 2008, nearly 30 months after Chen's appeal was filed. Chen had made "many" unsuccessful attempts to contact his attorney to learn about the status of his appeal during its pendency. Lumeno testified that Chen's last attempt was prior to September 2007. Chen again received no response from his attorney and, in Lumeno's words, "move[d] on to his life." Even then, Lumeno took no steps to file her own asylum application until Chen was arrested four months later. The

2

BIA did not err in concluding that Lumeno failed to demonstrate sufficient diligence to overcome her untimely filing.

**2.** We dismiss Lumeno's claim that she should have received notice of the denial of her husband's asylum application as a matter of due process because she failed to raise it before the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013).

**PETITION FOR REVIEW DENIED IN PART, DISMISSED IN PART.**