**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JULIO PEDRO-SIMON, AKA Julio P. Simon,<br><br>                    Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>                    Respondent. | No. 13-72429<br><br>Agency No. A070-639-807<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 14, 2015[**]

Before:     SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

Julio Pedro-Simon, a native and citizen of Guatemala, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We dismiss in part and deny in part the petition for review.

We do not consider new evidence Pedro-Simon attached to his opening brief. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc) (court's review is limited to the administrative record).

We lack jurisdiction to consider Pedro-Simon's contentions regarding asylum, removability, and the IJ's alleged constitutional violations, because he failed to raise them to the BIA. *See Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013).

Substantial evidence supports the BIA's conclusion that Pedro-Simon's experiences in Guatemala did not rise to the level of persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment, not persecution). Substantial evidence also supports the BIA's determination that Pedro-Simon failed to demonstrate it is more likely than not that he will be persecuted in Guatemala. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We do not reach Pedro-Simon's contentions regarding the IJ's particularly serious crime

determination, because the BIA did not rely on this ground in denying his withholding of removal claim. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA). Thus, Pedro-Simon's withholding of removal claim fails.

Substantial evidence also supports the BIA's denial of Pedro-Simon's CAT claim because he failed to show it is more likely than not that he would be tortured by or with the consent or acquiescence of the Guatemalan government. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008). We reject Pedro-Simon's contention that the agency failed to properly consider record evidence. Thus, his CAT claim fails.

Finally, according to respondent, Pedro-Simon was removed from the United States on January 13, 2014. Thus, we deny his motion for stay of removal as moot.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

13-72429