**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTORIA CAROLINA RAMIREZ-RUANO, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.   13-71765 <br><br> Agency No. A099-581-936 <br><br> MEMORANDUM * |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued 9, 2016 Submitted March 21, 2017
Seattle, Washington

Before:  TALLMAN and CHRISTEN, Circuit Judges, and ENGLAND,** District Judge.

Victoria Carolina Ramirez-Ruano, a native and citizen of Guatemala,

petitions for review of a decision by the Board of Immigration Appeals (BIA)

denying her applications for asylum, withholding of removal, and protection under

---

    *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **      The Honorable Morrison C. England, Jr., United States District Judge for the Eastern District of California, sitting by designation.

the regulations implementing the Convention Against Torture (CAT).  Because Ramirez-Ruano failed to exhaust her application for relief under CAT before the BIA, we lack jurisdiction to consider her application on appeal.  8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).  As to Ramirez-Ruano's applications for asylum and withholding of removal, we have jurisdiction under 8 U.S.C. § 1252, and we grant the petition for review and remand for the BIA's reconsideration in light of intervening authority.

After Ramirez-Ruano presented her applications for relief to the BIA, we held that "witnesses who testify against gang members" and "persons taking concrete steps to oppose gang members" may constitute particular social groups for purposes of asylum and withholding of removal.  *Pirir-Boc v. Holder*, 750 F.3d 1077, 1084–85 (9th Cir. 2014); *Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1083 (9th Cir. 2013) (en banc).  After oral argument in this case, we also clarified that the nexus standard is less demanding in the withholding of removal context as compared to the asylum context.  *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

In agency proceedings, the BIA and the Immigration Judge found that Ramirez-Ruano was not persecuted because of her gender, but because she was initially a victim of random violence or attempted extortion by a member of Guatemala's 18th Street gang, and then because she reported the gang member's

2

criminal activities to local police.  "The concrete and open steps [Ramirez-Ruano] took in opposition to the gang may fall within the framework of *Henriquez-Rivas*." *See Pirir-Boc*, 750 F.3d at 1084–85.  Ramirez-Ruano may thus potentially qualify either for asylum, or for withholding of removal under the more relaxed nexus standard announced in *Barajas-Romero*.  We grant Ramirez-Ruano's petition for review in part and remand Ramirez-Ruano's applications for asylum and withholding of removal to the BIA for reconsideration in light of intervening authority in *Pirir-Boc*, *Henriquez-Rivas*, and *Barajas-Romero*.  *See Pannu v. Holder*, 639 F.3d 1225, 1229 (9th Cir. 2011).

We find the record does not compel the conclusion, however, that Ramirez-Ruano was persecuted on account of her gender.  We thus deny in part Ramirez-Ruano's applications for asylum and withholding of removal insofar as they relate to the proposed social groups "Guatemalan women" and "Guatemalan women who are at risk of rape and murder."

The petition for review is DISMISSED in part, DENIED in part, and GRANTED and REMANDED in part.

Each party shall bear its own costs.

3