NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 17 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RITA BETY GARCIA-PEREZ,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

No. 14-73276

Agency No. A095-723-208

MEMORANDUM*

On Petitions for Review of an Order of the
Board of Immigration Appeals

Submitted November 15, 2017**
Pasadena, California

Before: NGUYEN and HURWITZ, Circuit Judges, and LOGAN,*** District Judge.

Rita Bety Garcia-Perez, a native and citizen of El Salvador, petitions for

review of an order of the Board of Immigration Appeals (BIA) dismissing her appeal

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Steven P. Logan, United States District Judge for the District of Arizona, sitting by designation.

from a decision by an Immigration Judge (IJ) denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supported the BIA's conclusion that the untimely filing of Garcia's asylum application was not excused by "extraordinary circumstances." *See* 8 U.S.C. § 1158(a)(2)(D). Contrary to her assertions, Garcia received sufficient notice of the one-year asylum bar and evidentiary burden to show extraordinary circumstances both through the asylum application instructions and Notice to Appear.

2. Substantial evidence supported the BIA's conclusion that Garcia failed to establish a nexus between her claimed persecution and a statutorily protected ground. *See* 8 U.S.C. §§ 1158(b), 1231(b)(3).[1] Substantial evidence also supported the BIA's conclusion that Garcia had not proved that threats against her were motivated by her political opinion instead of gang members' desire to increase their own power and influence.

3. Substantial evidence supported the BIA's conclusion that Garcia had not demonstrated that her feared persecution would rise to the level of torture, an

---

[1] Garcia's opening brief raises for the first time an argument that threats to her child were gender discrimination. Because this argument was not raised before the agency, we lack jurisdiction to consider it. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

"extreme form of cruel and inhuman treatment." *Zhou v. Gonzales*, 437 F.3d 860, 871 (9th Cir. 2006) (citation omitted) (internal quotation marks omitted). Substantial evidence also supported the BIA's determination that Garcia had not shown the Salvadoran government's acquiescence in any threatened torture. *See* 8 C.F.R. § 1208.18(a)(1).

**PETITION DENIED.**