NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 22 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ZENGQUAN WANG, | No. 15-70347 |
| Petitioner, | Agency No. A089-903-358 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2020[**]

Before: TROTT, SILVERMAN, and N.R. SMITH, Circuit Judges.

Zengquan Wang, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies in the record regarding the circumstances of Wang's wife's second pregnancy and what clinic his wife went to when her pregnancy was discovered. *Id.* at 1044 (adverse credibility findings are reviewed under the totality of the circumstances). Wang argues to us that the agency did not provide him with an opportunity to explain the inconsistencies. However, we lack jurisdiction to consider his claim because a careful examination of his brief to the agency demonstrates that he did not raise it before the BIA and it is the type of claimed due process violation that can be corrected by the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013). ("This court may review a final order of removal only if 'the alien has exhausted all administrative remedies available to the alien as of right.'") In the absence of credible testimony, Wang's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Wang's CAT claim because it was based on the same evidence found not credible, and Wang

2                                                                    15-70347

does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See Shrestha*, 590 F.3d at 1048-49.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**