**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 11 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| HARDIYAL SINGH, AKA Singh Gurdayal, | No.   16-70531 |
| Petitioner, | Agency No. A094-395-356 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 9, 2021**
San Francisco, California

Before:  WALLACE, GOULD, and FRIEDLAND, Circuit Judges.

Hardiyal Singh, a native and citizen of India, petitions for review from an

order of the Board of Immigration Appeals (BIA) upholding the denial of his

claims for asylum, withholding of removal, and protection under the Convention

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture (CAT).[1] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the Immigration Judge's (IJ) adverse credibility determination. The IJ and the BIA (collectively, the agency) highlighted a conflict between Singh's sworn statements to the Asylum Officer during his credible fear interview and Singh's subsequent claims in his asylum application and to the IJ regarding why he was allegedly targeted by the Punjabi police.[2] In his credible fear interview, Singh asserted that he had been targeted, harassed, and beaten by police due to his association with a suspected local terrorist named Harbesh Singh (Harbesh). Singh alluded to his membership in the SADA political party, but he downplayed his political involvement and never suggested his political affiliation was the reason police harassed him.[3]

By contrast, in his asylum application and during his direct testimony before

---

[1] Singh testified that his name is Guardayal Singh, and other spelling variations appear in the record.

[2] We do not address Singh's argument that not affording him the opportunity to cross-examine the Asylum Officer at the merits hearing amounted to a denial of due process. Singh failed to raise this argument before the BIA, so we lack jurisdiction to consider it. *See Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (holding that the circuit has no jurisdiction to review an unexhausted due process claim where the agency could have addressed it).

[3] "SADA" refers to the Shiromani Akali Dal Amritsar Party, also known as the Mann Party. In his credible fear interview, Singh also claimed that, before joining SADA, he was "with the Akali Party."

the IJ, Singh made no mention of Harbesh and, instead, focused solely on his membership in the SADA party as the basis for the police harassment he alleged. When confronted with this discrepancy, Singh did not provide a compelling explanation. Because this inconsistency lies "at the heart of the claim" for asylum, the agency was entitled to assign it "great weight" when assessing credibility. *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010).

The agency's adverse credibility determination renders Singh ineligible for asylum because the remaining evidence in the record is insufficient to support Singh's claim. *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017). We agree with the agency that the documentary evidence Singh submitted failed to demonstrate, independent of his discredited testimony, that Singh had suffered past persecution.

Because Singh cannot establish eligibility for asylum, he necessarily fails to carry the greater burden of establishing eligibility for withholding of removal.[4] *Id.* And because Singh's CAT claim is "based on the same statements . . . that the BIA determined to be not credible in the asylum context," the agency's conclusion that Singh failed to show a probability of torture upon return to India is supported by

---

[4] Because we uphold the agency's denial of Singh's asylum and withholding of removal claims on adverse credibility grounds, we do not reach the agency's alternative conclusion that Singh was ineligible for relief due to his ability to internally relocate in India. *See Shrestha*, 590 F.3d at 1048 n.6.

3

substantial evidence.  *Id.* (alteration in original) (quotation marks omitted).

**PETITION DENIED.**