**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 30 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARI BAHADUR MAGAR, | No. 20-70627 |
| Petitioner, | Agency No. A206-033-312 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2021[**]
San Francisco, California

Before: SILER,[***] RAWLINSON, and BUMATAY, Circuit Judges.

Petitioner, Hari Bahadur Magar, seeks review of the Board of Immigration

Appeals' (BIA) decision, which affirmed the Immigration Judge's (IJ) denial of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

petitioner's asylum application. We deny the petition for review.

We have jurisdiction to review under 8 U.S.C. § 1252(a). When the BIA issues its own decision but relies in part on the IJ's decision, we review both the IJ's and the BIA's decisions. *See Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012) (citations omitted).

Questions of law and mixed questions of law and fact are reviewed de novo. *Ai Jun Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014). We will reverse the BIA's factual determinations only "if the evidence . . . presented was such that a reasonable factfinder would have to conclude" otherwise. *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

A removable alien bears the burden of demonstrating asylum eligibility by showing that he is a refugee. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13(a). A refugee is a person who is unwilling or unable to return to his home country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To be eligible for withholding of removal, the petitioner must show a "clear probability" that his "life or freedom would be threatened in the proposed country of removal on account" of such category. 8 CFR § 1208.16(b); *Sarvia-Quintanilla v. INS*, 767 F.2d 1387, 1392 (9th Cir. 1985).

2

1.     Substantial evidence supports the BIA's and IJ's conclusions that Magar did not demonstrate that he suffered past persecution.  Persecution is an "extreme concept that does not include every sort of treatment that our society regards as offensive."  *Mansour v. Ashcroft*, 390 F.3d 667, 672 (9th Cir. 2004) (citations omitted).  Threats "often do not effect significant or actual suffering or harm" to rise to the level of persecution.  *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (quoting *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000)).  We may find persecution where threats are "repeated, specific and 'combined with confrontation or other mistreatment.'"  *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (quoting *Lim*, 224 F.3d at 936).

Magar testified he was briefly kidnapped by Maoists in 2006, he suffered a slap in 2006, and he was subjected to several instances of harassment.  He suffered no other harms when he returned to Nepal at least ten times, for several months each time, between 2006 and 2013.  His relatives, still living in Nepal throughout this time, likewise have not been harmed.  Therefore, substantial evidence supports the BIA's and IJ's determination that the harm Magar suffered did not rise to the level of past persecution.

2.     Substantial evidence supports the BIA's conclusion that Magar did not demonstrate a well-founded fear of future persecution.  When an applicant fails to establish past persecution, the burden is on the applicant to demonstrate a well-

3

founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). The reasonableness of such fear is undercut when similarly situated family members remain in the home country unharmed. *Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2009). An applicant's "history of willingly returning to his or her home country militates against a finding of past persecution or a well-founded fear of future persecution." *Ming Dai v. Sessions*, 884 F.3d 858, 871 (9th Cir. 2018).

Magar worked for Carnival Cruise Lines and spent two to three months in Nepal every year. Magar entered the United States and returned to Nepal, without suffering harm, at least ten times between 2006 and 2013, never expressing a fear of returning to Nepal until his final entry on September 4, 2013. His wife and children have not been harmed since moving from their small village to Kathmandu, Nepal's capital city. Magar's parents likewise were not approached by Maoists until they returned to the small village and even then, were only approached twice and never physically harmed by the Maoists. Magar has and could continue to avoid incidents with the Maoists through relocation within Nepal (he stayed in three locations without issues, including Pepsicola, Old Baneshwor, and Kadaghari).

Magar has failed to "adduc[e] credible, direct and specific evidence in the record of facts that would support a reasonable fear of persecution." *Halim v. Holder*, 590 F.3d 976, 976-77 (9th Cir. 2009) (quoting *Ahmed v. Keisler*, 504 F.3d

4

1183, 1191 (9th Cir. 2007)).  Therefore, substantial evidence supports the BIA's determination that Magar failed to establish an objectively reasonable fear of future persecution.

3.      We lack jurisdiction to consider whether Magar demonstrated a pattern or practice of persecution.  He raised this claim for the first time in his brief and failed to exhaust this claim before the agency.   P. Br. 27-35.  Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if the alien has exhausted all administrative remedies available to the alien as of right."  *Id.*; *see Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (holding the court lacks jurisdiction to review unexhausted claims).

**PETITION FOR REVIEW IS DENIED.**