NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 5 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARANJIT SINGH,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   15-71363<br><br>Agency No. A078-667-727<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 30, 2021**

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Charanjit Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Cortez-Pineda v. Holder*, 610 F.3d 1118, 1124 (9th Cir. 2010). Because Singh filed his claim for asylum before May 11, 2005, we apply the pre-REAL ID Act standards for adverse credibility findings. *Sinha v. Holder*, 564 F.3d 1015, 1021 n.3 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination. First, the record contains inconsistencies regarding the date and manner of Singh's entry into the United States. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003) (date of entry into the United States can be a key element of asylum application); *Cortez-Pineda,* 610 F.3d at 1124 (inconsistency regarding date of entry into the United States can go to the heart of the claim). Second, Singh testified inconsistently about the length of his hospitalization after his second detention and about a crucial date related to his release from police custody – the date of his father's funeral. *See Chebchoub v. I.N.S.*, 257 F.3d 1038, 1043 (9th Cir. 2001) (under pre-REAL ID Act standards, an inconsistency that goes to the heart of the asylum claim is sufficient to support an adverse credibility finding), *superseded by statute as stated in Shrestha v. Holder*, 590 F.3d 1034, 1046 (9th Cir. 2010). Finally, Singh provided evasive testimony about errors in his asylum application. *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005)

15-71363

(where the record shows the petitioner was evasive or unresponsive, we give special deference to the IJ's demeanor finding). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail.

Substantial evidence also supports the agency's denial of Singh's CAT claim. The testimony of the expert witness, when considered in light of changed country conditions and the lack of evidence in the record to indicate that police would target Singh more than 15 years after the 1992 incident, does not compel the conclusion that it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to India. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009) (stating standard).

To the extent Singh asserts the denial of a continuance and ineffective assistance of his prior counsel violated due process, we lack jurisdiction to consider these claims because Singh did not raise them before the BIA after his case was remanded, and these are the type of claimed due process violations that can be corrected by the BIA. *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (holding that due process challenges correctable by the BIA must be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**