NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

AUG 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES ABORUNGONG,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    20-72198

Agency No. A201-683-235

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 5, 2021**
Anchorage, Alaska

Before:  WARDLAW, MILLER, and BADE, Circuit Judges.

Charles Aborungong petitions for review of the Board of Immigration

Appeals' (BIA) decision affirming an Immigration Judge's (IJ) denial of his

application for asylum, withholding of removal, and protection under the

Convention Against Torture (CAT).  We have jurisdiction under 8 U.S.C. § 1252,

---

*  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

and we deny the petition in part and dismiss it in part.

1.   Aborungong argues the agency improperly relied on his border interview in finding him not credible based on inconsistencies between his statements during that interview and his subsequent testimony. However, the totality of the circumstances indicates that Aborungong's border interview was reliable. *See In re J-C-H-F-*, 27 I. & N. Dec. 211, 213 (B.I.A. 2018). Aborungong is a native English speaker, and the border interview was conducted in English without an interpreter. *See Singh v. INS*, 292 F.3d 1017, 1022 (9th Cir. 2002). The interview was transcribed, not merely summarized. *See, e.g.*, *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004) (recognizing that transcription of border interview weighed in favor of reliability). And, while Aborungong asserts that he felt "rushed . . . to sign every page" of the transcript to confirm its accuracy and did not fully review the transcript before signing, he points to no evidence that the officer inaccurately transcribed the interview. Moreover, although Aborungong notes that the interview occurred at 4:00 a.m., the transcript contains no indication that Aborungong was too tired or confused to give accurate testimony. Finally, Aborungong swore to answer all questions truthfully during that interview, and he confirmed in his testimony to the IJ that he had "answered all the questions asked [during the border interview] truthfully."

2.   Aborungong argues the agency's adverse credibility determination is

unsupported by substantial evidence. We disagree. The agency identified several discrepancies between Aborungong's border interview and his testimony to the IJ regarding whether he returned home after the military came to his house, how many times he was interrogated and beaten in detention, what kinds of injuries he suffered, and the date of the protest that led to his arrest.[1] Apart from disputing the reliability of the border interview, Aborungong does not challenge the agency's reliance on any of these inconsistencies.

Aborungong does argue that the agency improperly relied on speculation in finding his account of the police waiting a month to search for him at his home after he escaped from custody implausible. However, we need not determine whether this finding was "a reasonable evaluation of the testimony and evidence based on common sense." *Lalayan v. Garland*, 4 F.4th 822, 2021 WL 2933340, at *10 (9th Cir. 2021). Even setting aside the agency's findings on the plausibility of this aspect of Aborungong's account, substantial evidence supports the agency's adverse credibility determination given the numerous inconsistencies in his testimony.

---

[1] While the BIA recognized that the discrepancy regarding the date of the protest was "not a significant inconsistency" and would "not on its own support an adverse credibility determination," it appropriately concluded that this inconsistency, "considered collectively" with the others, "depriv[ed] [Aborungong's] claim of the requisite ring of truth." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) (quotation marks and citation omitted).

3

3.     Aborungong argues that country condition evidence compels the conclusion that he is entitled to CAT relief.  However, Aborungong did not raise this argument to the BIA, and the BIA accordingly declined to reach the issue. Because this issue is unexhausted, we lack jurisdiction to reach it.  *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

**DENIED IN PART AND DISMISSED IN PART.**