**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JERRY KANSOU, | No. 19-71907 |
| Petitioner, | Agency No. A215-927-125 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 13, 2021[**]
Honolulu, Hawaii

Before: O'SCANNLAIN, MILLER, and LEE, Circuit Judges.

Petitioner Jerry Kansou asks this Court to grant his petition for review and to reverse his order of removal. As the facts are known to the parties, we repeat them only as necessary to explain our decision. We do not have jurisdiction to review this petition, and we therefore deny it.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This Court only has jurisdiction to review a petition to the extent the claims presented were exhausted in front of the Board of Immigration Appeals ("BIA"). *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam); 8 U.S.C. § 1252(d)(1).

Kansou did not exhaust his claim in front of the BIA. *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004). Kansou is now arguing that his Hawaii convictions for possessing methamphetamine are not related to a controlled substance within the meaning of federal law. He did not raise this claim in front of the BIA. Instead, he only argued (1) that his 2009 departure from the United States did not interrupt his physical presence for purposes of eligibility for cancellation of removal and (2) that he is in the process of challenging his Hawaii convictions through a state post-conviction process.

Neither did the BIA choose to consider the now-raised claim on its own, thereby exhausting it for Kansou. *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005).

Finally, the BIA did not adopt the Immigration Judge's decision, but merely affirmed it. *Id.* at 1040–41. When the BIA adopts a decision, it states so explicitly, and it did not do so here. We, thus, do not decide if Kansou properly raised his claim in front of the Immigration Judge.

Since we do not have jurisdiction, we do not reach the issue of whether

Kansou's Hawaii convictions are related to a controlled substance.

**PETITION DISMISSED.**