NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTEBAN JUAN-CANO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>MERRICK B. GARLAND, Attorney<br>General,<br><br>　　　　　Respondent. | No. 22-1275<br><br>Agency No.<br>A216-266-117<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2024**
Pasadena, California

Before: CLIFTON, H.A. THOMAS, and DESAI, Circuit Judges.

Petitioner Esteban Juan-Cano petitions this court for review of an order of

the Board of Immigration Appeals (BIA) denying his motions to terminate his

removal proceedings and claims for asylum, withholding of removal, and

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

When the BIA conducts its own review of the evidence and law and issues its own opinion, we review the BIA's opinion. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review the agency's factual findings, including any adverse credibility determination, for substantial evidence. *Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). Under this "highly deferential" standard, the agency's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217–18 (9th Cir. 2022) (quoting *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020)); 8 U.S.C. § 1252(b)(4)(B). We review constitutional claims de novo. *Reyes-Melendez v. INS*, 342 F.3d 1001, 1006 (9th Cir. 2003).

1. Juan-Cano argues that his removal proceedings should be terminated because the government's Notice to Appear failed to specify the place and time of his initial removal proceeding. But Juan-Cano failed to exhaust this argument. 8 U.S.C. § 1252(d)(1). We therefore do not review it. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam).

2. To the extent Juan-Cano argues that his due process rights were violated because the Immigration Judge (IJ) did not call the officers who detained him as witnesses at his hearing, he failed to exhaust those arguments before the BIA. And

the Department of Homeland Security officers did not otherwise violate Juan-Cano's Fourth Amendment rights because they had reasonable suspicion to stop his car, and Juan-Cano voluntarily informed officers that he lacked legal documentation to be in the United States. *United States v. Cortez*, 449 U.S. 411, 417–18 (1968); *Berkemer v. McCarty*, 468 U.S. 420, 435–42 (1984).

3. Substantial evidence supports the BIA and IJ's finding that Juan-Cano was not credible. In affirming the IJ's adverse credibility determination, the BIA cited specific bases upon which the IJ relied, including inconsistencies and omissions in Juan-Cano's testimony, in addition to Juan-Cano's prior use of a false identity before law enforcement. Given that Juan-Cano's testimony is noncredible, his remaining evidence does not establish entitlement to asylum, withholding of removal, or CAT relief. And even assuming Juan-Cano's testimony was credible, the threatening phone call Juan-Cano's brother received "does not compel a finding of past persecution," *Sharma v. Garland*, 9 F.4th 1052, 1064 (9th Cir. 2021), and the record does not contain "credible, direct, and specific evidence" supporting a finding that Juan-Cano had a well-founded fear for future persecution. *Mansour v. Ashcroft*, 390 F.3d 667, 673 (9th Cir. 2004).

**DENIED.**