NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILMER LA ROSA PAREDES; MILUSKA DEL CARMEN REYES; A.L.R.A.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3278

Agency Nos.
A243-158-595
A243-158-596
A243-585-597

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 3, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

Wilmer Marco La Rosa Paredes ("La Rosa"), his wife, Miluska Del Carmen

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel previously granted the parties' joint motion to submit this case on the briefs, **Dkt. 21.**

Anton Reyes, and their child,[1] natives and citizens of Peru, petition for review of a decision by the Board of Immigration Appeals ("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Where, as here, the BIA summarily adopts the IJ's decision without opinion, we review that decision as if it were the final agency action. *See Antonio v. Garland*, 58 F.4th 1067, 1072 (9th Cir. 2023). We examine the agency's "legal conclusions de novo and its factual findings for substantial evidence." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (cleaned up). Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petitions for review.

1.　La Rosa contends that the IJ denied him due process by failing to adequately explain the grounds required to seek relief and by not helping him formulate particular social groups. But because this argument could have been addressed by the BIA, La Rosa was required to exhaust it. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam) (noting that due process arguments capable of correction by the administrative agency must be exhausted). Because La Rosa did not do so, we deny the petitions insofar as they raise the due process argument.

---

[1]　Although La Rosa's family members filed individual applications for relief, their claims are based on the same experiences as his. We therefore analyze only La Rosa's claims.

2. Substantial evidence supports the agency's conclusion that La Rosa was not eligible for asylum or withholding of removal because he did not demonstrate that any past or feared harm was on account of a protected ground. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) ("For both asylum and withholding claims, a petitioner must prove a causal nexus."). La Rosa admitted that he was victimized by gang members because they wanted money. An act by "criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).[2]

3. Substantial evidence also supports the agency's denial of CAT protection. To qualify, an applicant must show that it is more likely than not that he would be tortured by or with the acquiescence of government officials if removed to Peru. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). La Rosa concedes he did not suffer past torture, "ordinarily the principal factor" in determining a likelihood of future torture. *Edu v. Holder*, 624 F.3d 1137, 1145 (9th Cir. 2010) (cleaned up). And the record does not compel a conclusion contrary to the agency's determination that La Rosa's individualized risk of future torture is low. Moreover, the record establishes that the police acted on La Rosa's report of threats by gang members. Even if those "steps have not achieved the desired goals of

---

[2]   La Rosa's contention that the IJ erred by not conducting a mixed-motive nexus analysis also fails because the record supports the IJ's finding that money was the gang members' "exclusive motivation." *Rodriguez-Zuniga*, 69 F.4th at 1019 n.2.

resolving crimes and protecting citizens, they support the [agency's] determination that the government is not wilfully blind." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1035 (9th Cir. 2014).

**PETITIONS FOR REVIEW DENIED.**[3]

---

[3] The stay of removal, **Dkt. 2**, shall dissolve on the issuance of the mandate.