NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 5 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARIA MARLENY HERNANDEZ DE
FERNANDEZ; VIRGINIA ABIGAIL
FERNANDEZ-HERNANDEZ,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 25-1688

Agency Nos.
A206-891-758
A206-891-759

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 1, 2025**
Pasadena, California

Before: GOULD, BEA, and BADE, Circuit Judges.

Petitioners Maria Marleny Hernandez De Fernandez and her daughter,

Virginia Abigail Fernandez-Hernandez, natives and citizens of El Salvador,

petition for review of a decision of the Board of Immigration Appeals ("BIA") that

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissed their appeal from an immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

The "substantial evidence" standard governs our review of BIA decisions regarding claims for asylum, withholding of removal, and CAT protection. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). Under that standard, we ask whether the BIA's decision is supported by "reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (quotation marks and citation omitted). We must deny the petition for review unless Petitioners can demonstrate "that the evidence not only supports, but compels the conclusion" that the BIA's findings and decisions are erroneous. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (quotation marks and citation omitted) (as amended). Because Petitioners have not done so, we deny the petition.

To establish eligibility for asylum, Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion…' To be eligible for withholding of removal, the petitioner must

discharge this burden by a 'clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (first quoting 8 U.S.C. § 1101(a)(42)(A), then quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)). For a particular social group ("PSG") to be cognizable, it must have "an immutable characteristic, particularity, and social distinction." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1084 (9th Cir. 2020).

Substantial evidence supports the BIA's denial of Petitioners' applications for withholding of removal and asylum because Petitioners failed to establish that any alleged persecution was on account of a protected ground. The IJ found that Petitioners' proposed PSG of "Individuals Who Fear Being Targeted and Persecuted by Dangerous Criminals and Gang Members" was not cognizable under the INA because (1) it does not have any common immutable characteristics; (2) it is not defined with particularity; (3) it is not socially distinct within the society in question; and (4) it is defined exclusively by the harm inflicted upon its members. Before the BIA, Petitioners did not make any arguments regarding immutability, particularity, social distinction, or circularity; the BIA found that because Petitioners had not meaningfully challenged the IJ's conclusions, they had waived the issue of whether their proposed PSG was cognizable; the failure to put forth a cognizable PSG was fatal to Petitioners' asylum and withholding of removal claims.

In their opening brief before this Court, Petitioners failed to make any argument that the cognizability issue was not waived before the BIA. Thus, any argument Petitioners make pertaining to the cognizability of the proposed PSG in question is unexhausted, and the Court declines to reach the merits of this issue. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust . . . ."); *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (refusing to consider the merits of an argument when petitioner "[failed to show] that the BIA erred in concluding that he had not challenged the IJ's denial of relief").

But even were the panel to review the merits of Petitioners' arguments regarding cognizability, Petitioners' asylum and withholding of removal claims would still fail because their proposed PSG is not cognizable. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (finding that a PSG based on general resistance to gang violence is not cognizable); *Diaz-Reynoso*, 968 F.3d at 1086 ("Courts have frequently held, after proper analysis, that groups lacking a common characteristic aside from persecution are not cognizable.")

The BIA's denial of CAT relief is also supported by substantial evidence. "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9

F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). Petitioners have not put forth evidence that compels the conclusion that the BIA erred in finding they failed to establish it was more likely than not that they would be tortured if removed to El Salvador. *See Garcia-Milian*, 755 F.3d at 1033. Petitioners have not put forth any evidence that they were subject to past torture or even physical harm, and any claim regarding future torture is speculative. The evidence also supports the BIA's conclusion that Petitioners failed to demonstrate that the El Salvadoran government would acquiesce in any future torture, even were they to establish a likelihood of future torture. *See Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013).

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 8, is otherwise denied.