**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**



| | |
|---|---|
| HILDA SABINA PULLA FAREZ; GENESIS AGUIAR PULLA, | No. 25-197 |
| Petitioners, | Agency Nos. A241-497-681 A241-497-682 |
| v. | MEMORANDUM* |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 6, 2026**
Seattle, Washington

Before: PAEZ, BEA, and BRESS, Circuit Judges.

Hilda Sabina Pulla Farez ("Petitioner") and her daughter (collectively,

"Petitioners"), natives and citizens of Ecuador, petition for review of a decision of

the Board of Immigration Appeals ("BIA"), which dismissed their appeal of an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction to review the petition pursuant to 8 U.S.C. § 1252(a)(1). We deny the petition. Because the parties are familiar with the facts, we recite them only as necessary to explain our decision.

To establish eligibility for asylum, Petitioners must "demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.' To be eligible for withholding of removal, the petitioner must discharge this burden by a 'clear probability.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (first quoting 8 U.S.C. § 1101(a)(42)(A), then quoting *Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003)).

"A petitioner who has suffered past persecution is presumed to have a well-founded fear of future persecution." *Parada v. Sessions*, 902 F.3d 901, 911 (9th Cir. 2018). However, the government can "rebut that presumption if it establishes by a preponderance of the evidence that . . . the 'applicant could avoid future persecution by relocating to another part of the applicant's country of nationality.'" *Id.* (quoting 8 C.F.R. § 1208.13(b)(1)). "Relocation analysis consists of two steps: (1) whether an applicant could relocate safely, and (2) whether it would be reasonable to require the applicant to do so." *Singh v. Whitaker*, 914 F.3d 654, 659

(9th Cir. 2019) (internal quotation marks and citation omitted).

Here, the IJ found Petitioners ineligible for asylum and withholding of removal because they could reasonably relocate inside Ecuador for two reasons: (1) Petitioner's abusive ex-husband had not made contact with her or her daughter during their last year and a half in Ecuador from 2021-2023, and (2) while it was not clear that Los Lobos was even responsible for the threatening note left at Petitioner's business, the gang was regional and unlikely to harm Petitioners if they relocated. Petitioners made no effort to challenge this argument before the BIA, and the BIA deemed the issue waived. The Court affirms the BIA's ruling that the issue was waived. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust . . ."); *Alanniz v. Barr*, 924 F.3d 1061, 1069 (9th Cir. 2019) (refusing to consider the merits of an argument when petitioner failed to show "that the BIA erred in concluding that he had not challenged the IJ's denial of relief"). Therefore, the Court denies the petition as to asylum and withholding of removal. We note that even if not waived, substantial evidence supports the IJ's relocation finding. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) ("Under [the substantial evidence] standard, we must uphold the agency determination unless the evidence compels a contrary conclusion.").

"To qualify for CAT protection, a petitioner must show it is 'more likely

than not he or she would be tortured if removed to the proposed country of removal.'" *Sharma*, 9 F.4th at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). The IJ found that, even assuming the harm to Petitioner may have risen to the level of persecution, Petitioners were never tortured and did not demonstrate any likelihood that they would be tortured in the future. Once again, Petitioners failed to challenge this determination before the BIA; accordingly, the BIA ruled that Petitioners had waived the issue. The Court affirms the BIA's ruling that the issue was waived. *See Sola*, 720 F.3d at 1135; *Alanniz*, 924 F.3d at 1069. Therefore, the Court denies the petition as to the CAT claim. We further note that even if not waived, substantial evidence supports the agency's denial of CAT relief.

**PETITION DENIED.**[1]

---

[1] The temporary stay of removal remains in place until the mandate issues. The motion for a stay of removal, Dkt. 2, and the supplemental motion for a stay of removal, Dkt. 17, are otherwise denied.