**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL RAMIREZ-AGREDA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  15-71511 <br><br> Agency No. A095-003-565 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 22, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

Daniel Ramirez-Agreda, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his applications for withholding of

removal and protection under the Convention Against Torture ("CAT").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations under the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies between Ramirez-Agreda's testimony and his two declarations regarding when he filed a police report, what was painted on the walls of his home by members of the Farabundo Marti National Liberation Front ("FMLN"), and the number of encounters he had with the FMLN. *See id.* at 1044 (adverse credibility finding must be based on the totality of the circumstances). Ramirez-Agreda's arguments and explanations do not compel a contrary conclusion. *See Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011) (agency not required to accept explanations for inconsistencies). In the absence of credible testimony, Ramirez-Agreda's withholding of removal claim fails. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the agency's denial of Ramirez-Agreda's CAT claim because it was based on the same evidence found not credible, and Ramirez-Agreda does not point to any other evidence in the record that compels the conclusion that it is more likely than not he would be tortured by or with the

consent or acquiescence of the government if returned to El Salvador.  *Shrestha*, 590 F.3d at 1048-49.

To the extent Ramirez-Agreda claims he was denied a full and fair hearing, we lack jurisdiction to consider this claim because he did not raise it before the BIA, and it is the type of claimed due process violation that can be corrected by the BIA.  *See* 8 U.S.C. § 1252(d)(1); *Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**