**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRISTINA NICOLAS-PEDRO; HENRY NICOLAS, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 20-70419 <br><br> Agency Nos. A206-888-951 <br> A206-888-950 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 11, 2021**
Seattle, Washington

Before: EBEL,*** BRESS, and VANDYKE, Circuit Judges.

Petitioner Cristina Nicolas-Pedro and her minor child Henry seek review of

a Board of Immigration Appeals order dismissing their applications for asylum,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable David M. Ebel, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition.

Regarding asylum and withholding of removal, the Board applied the correct legal standards, and substantial evidence supports the Board's determination that Nicolas-Pedro's alleged persecutors were motivated by pecuniary interests, rather than a protected status. See Zetino v. Holder, 622 F.3d 1007, 1015–16 (9th Cir. 2010), *as amended*; Arteaga v. Mukasey, 511 F.3d 940, 944 (9th Cir. 2007). In her statement supporting her claims and during her hearing before the Immigration Judge, Nicolas-Pedro stated that the individuals she fears targeted her because they were seeking to steal her money or property. Substantial evidence thus supports the Board's determination that Nicolas-Pedro has not shown persecution because of a protected ground.

Regarding CAT protection, the Board applied the correct legal standards, and substantial evidence supports the Board's conclusion that Nicolas-Pedro failed to establish a clear probability of torture if removed to Guatemala. See Delgado-Ortiz v. Holder, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to . . . establish prima facie eligibility for protection under the CAT.").

2

We lack jurisdiction to consider Nicolas-Pedro's remaining claims regarding claim-processing errors and due-process protections for rare-language speakers, because those claims are unexhausted because of Nicolas-Pedro's failure to present them to the Board.  See Sola v. Holder, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam).

**PETITION DENIED.**