NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 7 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NIVARDO SANTIAGO-SANCHEZ, | No. 20-71905 |
| Petitioner, | Agency No. A216-073-834 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 2, 2021**
Seattle, Washington

Before: McKEOWN and GOULD, Circuit Judges, and RAKOFF,*** District
Judge.

Nivardo Santiago-Sanchez seeks review of the Board of Immigration

Appeals' ("BIA") dismissal of an immigration judge's ("IJ") denial of his request

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Jed S. Rakoff, United States District Judge for the
Southern District of New York, sitting by designation.

for a continuance. Except as to one of Santiago-Sanchez's claims, we have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

The IJ did not abuse its discretion in concluding that there was no good cause to grant the continuance. The agency considered the reasonableness of Santiago-Sanchez's conduct and the fact that Santiago-Sanchez had been granted a prior continuance. *See Peng v. Holder*, 673 F.3d 1248, 1253 (9th Cir. 2012) ("[T]he IJ—and, on appeal, the BIA—should consider factors including (1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." (internal quotation marks omitted)).

Nor did the IJ violate Santiago-Sanchez's right to counsel in declining to grant the continuance. "Absent a showing of clear abuse, we typically do not disturb an IJ's discretionary decision not to continue a hearing," but in considering whether a reasonable time was provided, we consider "the realistic time necessary to obtain counsel; the time frame of the requests for counsel; the number of continuances; any barriers that frustrated a petitioner's efforts to obtain counsel, such as being incarcerated or an inability to speak English; and whether the petitioner appears to be delaying in bad faith." *Biwot v. Gonzales*, 403 F.3d 1094, 1099 (9th Cir. 2005). Even assuming that Santiago-Sanchez did not knowingly

and voluntarily waive his right to counsel, the IJ did not violate Santiago-Sanchez's right to counsel in declining to grant a continuance, as Santiago-Sanchez had seven months to seek counsel, during which time he was not detained. *See United States v. Moriel-Luna*, 585 F.3d 1191, 1201–02 (9th Cir. 2009).

Finally, Santiago-Sanchez contends that the IJ violated his due process rights by failing to sufficiently explain "what the relief was and what the procedures were for requesting the relief." We lack jurisdiction to review this claim because Santiago-Sanchez did not exhaust it before the BIA, and the "BIA could have addressed [Santiago-Sanchez's] claim if [he] had raised it." *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam). We dismiss the petition as to that claim.

**PETITION DENIED IN PART and DISMISSED IN PART.**