NOT FOR PUBLICATION

FILED

JAN 7 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS ISAAC VILLEGAS-GOMEZ, | No. 19-72487 |
| Petitioner, | Agency No. A206-408-415 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 8, 2021
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,** Judge.

Jesus Villegas-Gomez petitions for review of a decision of the Board of

Immigration Appeals ("BIA") dismissing his appeal of an immigration judge's ("IJ")

order denying his applications for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). As the facts are known to the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

parties, we repeat them only as necessary to explain our decision. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.      Villegas-Gomez contends that the BIA erred in its determination that he had been convicted of a "particularly serious crime" rendering him ineligible for asylum or withholding of removal under the Immigration and Nationality Act or CAT. 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2). Our review is limited to "whether 'the agency relied on the appropriate factors and proper evidence.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015)).

The BIA did not abuse its discretion. *See Avendano-Hernandez*, 800 F.3d at 1077. The BIA properly began its analysis by considering the offense for which Villegas-Gomez was convicted, concluding that "while the conviction is not a per se particularly serious crime, the facts and circumstances underlying the conviction render it a particularly serious crime." The BIA applied the correct case-specific analysis under *Matter of Frentescu*, 18 I. & N. Dec. 244 (B.I.A. 1982), *see Delgado v. Holder*, 648 F.3d 1095, 1107 (9th Cir. 2011), and agreed with the IJ that Villegas-Gomez's violent, unprovoked reaction supported finding his conviction to be for a particularly serious crime. We find no abuse of discretion in the BIA's consideration of the factors and evidence on this issue.

Further, the BIA did discuss Villegas-Gomez's mental health, but endorsed

2

the IJ's reasoning that it did not mitigate the seriousness of the crime, which involved a violent, unprovoked attack. Therefore, the BIA took into consideration Villegas-Gomez's "mental condition at the time of the crime" as required by *Gomez-Sanchez v. Sessions*, 892 F.3d 985, 996 (9th Cir. 2018), but properly "permitt[ed] the IJ to use his or her discretion in weighing relevant, reliable evidence of mental health." *Id.* at 995.

2. Nor did the BIA err in its determination that Villegas-Gomez failed to establish eligibility for CAT protection. The BIA properly construed *Villegas v. Mukasey*, 523 F.3d 984, 989 (9th Cir. 2008), as requiring a finding of specific intent to inflict severe pain or suffering. The IJ addressed substantial evidence in the record that mental healthcare workers in Mexico lack such specific intent. Additionally, although "the BIA did not make it perfectly clear" that it aggregated the risk of torture, its use of "generalized statements about the overall risk of torture" is "enough . . . to survive review." *Iraheta-Martinez v. Garland*, 12 F.4th 942, 960 (9th Cir. 2021).

3. Finally, our conclusions are not altered by Villegas-Gomez's effort to repackage his challenges to the agency's assessment of the evidence as "due process" claims. Villegas-Gomez did not argue before the BIA that his due process rights had been violated or that inadequate safeguards had been employed. So, any such claim is unexhausted. *See Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir.

3

2013).

**PETITION FOR REVIEW DENIED.**