**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABOLHASSAN HASSANZADEH, | No. 20-72315 |
| Petitioner, | Agency No. A215-670-752 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 7, 2022**
Portland, Oregon

Before: GRABER and VANDYKE, Circuit Judges, and REISS,*** District Judge.

Petitioner Abolhassan Hassanzadeh, a native and citizen of Iran, seeks

review of the Board of Immigration Appeals' ("BIA") order affirming an

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Christina Reiss, United States District Judge for the District of Vermont, sitting by designation.

immigration judge's ("IJ") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Reviewing for substantial evidence, Li v. Garland, 13 F.4th 954, 956 (9th Cir. 2021), we deny the petition in part and dismiss it in part.

1. Substantial evidence supports the BIA's adverse credibility finding, considering the "totality of the circumstances." Alam v. Garland, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc). The many inconsistencies and material omissions in Petitioner's testimony, taken together, support the IJ's view that Petitioner was not credible. See 8 U.S.C. § 1158(b)(1)(B)(iii). Petitioner's explanations do not compel a contrary conclusion. For example, neither Petitioner's original statement nor his proposed substitute statement mentions the specific family meeting that resulted in his fleeing Iran. Thus, the inconsistencies in Petitioner's story remain.[1]

2. In the absence of credible testimony, Petitioner's asylum and withholding of removal claims fail. See Wang v. Sessions, 861 F.3d 1003, 1009 (9th Cir. 2017) (holding that a petitioner's asylum and withholding of removal claims fail when "the remaining evidence in the record is insufficient to carry [petitioner's] burden of establishing eligibility for relief"). Petitioner's CAT claim also fails because it

---

[1] Petitioner's motion to supplement the record, Docket No. 19, is **GRANTED**.

rests on the same testimony that the BIA found not credible. And Petitioner does not point to any other evidence that compels the conclusion that it is more likely than not that he would be tortured if returned to Iran. See Almaghzar v. Gonzales, 457 F.3d 915, 922–23 (9th Cir. 2006) (holding that the petitioner's CAT claim failed because discredited testimony and the relevant country report did not compel the conclusion that the petitioner would face a particularized threat of torture).

3. We lack jurisdiction to consider Petitioner's contentions that errors in translation at his merits hearing before the IJ violated Petitioner's due process rights. See Barron v. Ashcroft, 358 F.3d 674, 677–78 (9th Cir. 2004) (holding that this court lacks jurisdiction to review claims not presented to the agency); see also Sola v. Holder, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam) (holding that this court lacks jurisdiction to address a due process argument that was not raised below and that could have been addressed by the BIA).

**PETITION DENIED in part and DISMISSED in part.**