NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDER BANEGAS,

           Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

           Respondent.

No.   15-73744

Agency No.
A088-892-539

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2022[**]
San Francisco, California

Before: BYBEE and NELSON, Circuit Judges, and RAKOFF,[***] District Judge.

Eder Banegas ("Petitioner"), a native and citizen of Honduras, petitions for

review of a decision of the Board of Immigration Appeals ("BIA"), dismissing his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel previously granted Petitioner's unopposed motion for submission of this case without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

appeal of a decision of the Immigration Judge ("IJ"), who denied his application for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3).[1] Petitioner contends he is eligible for relief based on his membership in the proposed social group of persons who refuse to join the MS-13 gang.[2] We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The BIA did not err in concluding that Petitioner failed to establish eligibility for withholding of removal based on his membership in a particular social group. *See Cole v. Holder*, 659 F.3d 762, 769-70 (9th Cir. 2011) (Where, as here, the BIA "conducts its own review of the evidence and the law," we review the BIA's decision, "except to the extent it expressly adopts the IJ's decision"). Whether a group constitutes a particular social group "is a question of law we review de novo." *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021). We conclude that Petitioner has failed to show that his proposed social group is socially distinct and

---

[1] The IJ also denied Petitioner's application for protection under the Convention Against Torture ("CAT"); however, Petitioner failed to challenge the IJ's denial of his CAT application in his administrative appeal and did not raise it before this Court. Accordingly, we do not address this issue. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) ("A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue.").

[2] Petitioner also argued before the IJ and the BIA that he was persecuted and feared persecution based on his anti-gang political opinion. However, Petitioner did not raise this argument before this Court and, therefore, the argument is waived. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-1080 (9th Cir. 2013).

defined with particularity. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016). This follows directly from our precedent rejecting proposed particular social groups based on resistance to gang recruitment for lacking social distinction and/or particularity. *See Santos-Ponce*, 987 F.3d at 890 (concluding that proposed social group of "minor Christian males who oppose gang membership" in Honduras is not sufficiently particular or socially distinct); *Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting petitioner's argument that young males in Guatemala who are targeted for gang recruitment but refuse to join are a particular social group), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

The petition for review is **DENIED.**