**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELMER HERNANDEZ-MARTINEZ,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.   20-72803<br><br>Agency No. A072-398-348<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 18, 2022
Pasadena, California

Before:  KLEINFELD, MILLER, and COLLINS, Circuit Judges.


Elmer Hernandez-Martinez argues in his petition for review that the Board

of Immigration Appeals ("BIA") erred in affirming the Immigration Judge's ("IJ")

decision to deny his applications for withholding of removal pursuant to 8 U.S.C. §

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1231(b)(3)(A) and for protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252 and deny the petition.

Petitioner argues his proffered social groups are legally cognizable.[1] However, he does not point to any evidence in the record indicating that Salvadoran society recognizes or perceives either of his proffered social groups as distinct, cognizable groups. As such, we cannot say that the record compels a contrary conclusion to the one the BIA reached. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1178 (9th Cir. 2021). Nor does the record compel the conclusion that, contrary to the BIA's determination, there was any nexus connecting Petitioner's experience with his proposed social groups.

Finally, the BIA's determination that Petitioner was not eligible for CAT relief is supported by substantial evidence. We are not compelled to disagree with

---

[1] Petitioner proposed three social groups before the IJ but only pressed two on appeal to the BIA. Consequently, his attempt to revive the social group "Salvadoran men having been harmed for disobeying gang's extortion and/or recruitment demand" is foreclosed for failure to exhaust. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam). We therefore review only his proposed social groups of "a Salvadoran family member of landowner targeted by gang members for extortion" and "part of Salvadoran men that police unlawfully target as suspected gang members."

the BIA that one incident involving three blows to the stomach—leaving no injury—is not torture. Nor does Petitioner's evidence of country conditions compel a contrary result. Although the record contains evidence suggesting that unlawful violence by police and gangs is a substantial problem in El Salvador, we cannot say that the agency erred in concluding that, on this record, Petitioner had failed to show that he would be subjected to mistreatment that rose to the level of torture. As a result, we are not compelled to conclude Petitioner is more likely than not to be tortured if returned to El Salvador. *See* 8 C.F.R. § 1208.16(c)(2).

**PETITION DENIED.**