**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE ANTONIO MAYEN-GAMEZ, | No. 21-62 |
| Petitioner, | Agency No. A098-486-289 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted March 08, 2023**
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,***
District Judge.

Jose Antonio Mayen-Gamez, a native and citizen of Guatemala, petitions

for review of an immigration judge's (IJ) decision concurring in the negative

reasonable-fear determination of an asylum officer (AO).

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Kathleen Cardone, United States District Judge for
the Western District of Texas, sitting by designation.

In 2017, the U.S. Department of Homeland Security reinstated Mayen-Gamez's 2004 order of removal. Because Mayen-Gamez expressed a fear of returning to Guatemala, he was referred to an AO for a reasonable-fear determination. The AO concluded that there was no qualifying reasonable fear, and Mayen-Gamez sought review by the IJ, who concurred.

We have jurisdiction under 8 U.S.C. § 1252 because the IJ's agreement with the negative reasonable-fear determination rendered Mayen-Gamez's reinstatement order final. *See Andrade-Garcia v. Lynch*, 828 F.3d 829, 835–36 (9th Cir. 2016). We review factual findings underlying an IJ's reasonable-fear determination for substantial evidence and must uphold such determinations "unless, based on the evidence, any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 831, 833 (internal quotation marks and citation omitted). We review questions of law de novo. *See Arteaga v. Mukasey*, 511 F.3d 940, 944 (9th Cir. 2007). We deny the petition in part and dismiss the petition in part.

1. Concurring in the AO's reasonable-fear determination, the IJ appropriately found that Mayen-Gamez had not established a reasonable possibility that he would be persecuted on account of a protected ground or that he would be tortured in Guatemala.

First, the IJ reasonably concluded that Mayen-Gamez did not suffer past persecution.[1] Mayen-Gamez had cows stolen four times between 2004 and 2017. But he was never physically harmed during the thefts and did not testify to experiencing any other harm in Guatemala. Though these incidents are unfortunate, they do not rise to the level of persecution—an "extreme concept that does not include every sort of treatment our society regards as offensive." *Wakkary v. Holder*, 558 F.3d 1049, 1059 (9th Cir. 2009) (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003)).

Mayen-Gamez also fails to identify evidence demonstrating that there is a reasonable possibility that he will suffer future persecution on account of a protected ground. At most, Mayen-Gamez's testimony describes a fear of random violence or harm motivated by others' desire to steal from him. Yet an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

Second, substantial evidence supports the IJ's negative determination as to the reasonable fear of torture. The label "torture" is "reserved for extreme cruel and inhuman treatment that results in severe pain or suffering." *Tzompantzi-*

---

[1] We would affirm the determination that Mayen-Gamez did not suffer past persecution and is not likely to suffer future persecution under any standard of review. Therefore, we need not address whether substantial evidence or a less deferential standard should apply. *See Fon v. Garland*, 34 F.4th 810, 813 & n.1 (9th Cir. 2022).

*Salazar v. Garland*, 32 F.4th 696, 706 (9th Cir. 2022). Mayen-Gamez has never been tortured. *Nuru v. Gonzales*, 404 F.3d 1207, 1217 (9th Cir. 2005) ("Past torture is the first factor we consider in evaluating the likelihood of future torture . . . ."). And nothing in the record otherwise compels the conclusion that there is a reasonable likelihood that he will be tortured in the future or that torture would occur by or with the consent or acquiescence of the government. *See Andrade-Garcia*, 828 F.3d at 836–37.

2. Mayen-Gamez also contends that his initial removal proceedings should be reopened and terminated because he was never served with a compliant Notice to Appear. He further argues that, for the same reasons, his prior in absentia order of removal should be rescinded. Because Mayen-Gamez did not raise this argument before the agency, we lack jurisdiction to review it. *See Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (per curiam); 8 U.S.C. § 1252(d)(1).

**PETITION DENIED** in part; **DISMISSED** in part.