**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARCELO EMERSON VAVRIK; ANDREIA VAVRIK, | No. 22-941 |
| Petitioners, | Agency Nos.    A210-018-051                  A210-018-052 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2023**
San Francisco, California

Before: FRIEDLAND and BENNETT, Circuit Judges, and BENNETT***,
District Judge.

Petitioners Marcelo Emerson Vavrik and Andreia Vavrik are natives and

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\***      The Honorable Richard D. Bennett, United States District Judge of Maryland, sitting by designation.

citizens of Brazil.[1]  They petition for review of a Board of Immigration Appeals ("BIA") order dismissing their applications for cancellation of removal and asylum and Marcelo's application for withholding of removal and protection under the Convention Against Torture ("CAT").[2]  Because we lack jurisdiction pursuant to 8 U.S.C. § 1252(d)(1), we dismiss the petition for review.

Petitioners' opening brief makes two arguments, both of which relate to the denial of their application for cancellation of removal.  First, Petitioners argue that the IJ erred by continuing their July 11, 2014 hearing.  Second, Petitioners argue that the IJ erred in relying on their criminal histories from the California Law Enforcement Telecommunication System ("CLETS") when denying their applications for cancellation of removal.[3]

But Petitioners did not make these arguments before the IJ or BIA.  "A petitioner's failure to raise an issue before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue." *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013) (citation omitted); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the alien

---

[1]    The petitioners are married.  To avoid confusion, we refer to them by their first names.

[2]    Both petitioners filed separate applications for cancelation of removal.  Marcelo applied for asylum and listed Andreia as a derivative beneficiary.  *See* 8 U.S.C. § 1158(b)(3); 8 C.F.R. § 1208.3(a).  Andreia did not file an application for withholding of removal or protection under the CAT.

[3]    As part of this argument, Petitioners allege that federal agencies acted in violation of California law in accessing the CLETS information.

has exhausted all administrative remedies available to the alien as of right.").

Therefore, these arguments are unexhausted, and we lack jurisdiction to consider them.

**PETITION FOR REVIEW DISMISSED.**