**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANTINA BUSTOS GARCIA, | No. 20-70409 |
| Petitioner, | Agency No. A215-881-531 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 22, 2024[**]

Before: BYBEE, OWENS, and COLLINS, Circuit Judges.

Constantina Bustos Garcia ("Bustos Garcia"), a native and citizen of

Mexico, appeals from the Board of Immigration Appeals' ("BIA") decision

dismissing her appeal from the immigration judge's ("IJ") decision denying her

application for cancellation of removal. As the parties are familiar with the facts,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

we do not recount them here. We deny the petition.

1. Bustos Garcia challenges the BIA's finding that she was ineligible for cancellation of removal because she failed to establish the required "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1)(D). The Supreme Court recently held that "the application of the exceptional and extremely unusual hardship standard to a given set of facts is reviewable as a question of law under [8 U.S.C.] § 1252(a)(2)(D)." *Wilkinson v. Garland*, 601 U.S. 209, 217 (2024). We therefore have jurisdiction to consider Bustos Garcia's petition for review. Our review of the BIA's hardship determination is "deferential" because it is a "mixed question" of law and fact that is "primarily factual." *Id.* at 225; *see also id.* at 222.

2. To satisfy the hardship standard, the noncitizen must show that the harm to his or her qualifying relatives is "substantially beyond that which ordinarily would be expected to result from the [noncitizen's] deportation." *Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001)). "[I]n evaluating hardship, the BIA considers 'the ages, health, and circumstances of qualifying' relatives." *Id.* (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63). The BIA must "conduct an individualized enquiry in each case [so] that each cancellation of removal application '[is] assessed and decided on its own facts.'" *Arteaga-De Alvarez v.*

2

*Holder*, 704 F.3d 730, 740 (9th Cir. 2012) (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. at 63).

Bustos Garcia primarily argues that the IJ and BIA improperly relied on a "categorical rule" that emotional and psychological hardship is never enough to establish hardship and that a family's financial assets necessarily undercut a showing of hardship. She points to the IJ's conversation with Bustos Garcia's counsel, prior to receiving testimony, regarding amending her application to include her financial assets.

To the extent that Bustos Garcia argues that the IJ improperly applied a categorical rule, it is outside the scope of our review, which "is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (citation omitted). To the extent that Bustos Garcia argues that the BIA legally erred by applying a categorical rule, the BIA's decision does not reflect that it applied a categorical rule. Rather, the BIA's decision reflects that it conducted an individualized inquiry, including considering the emotional and psychological harm to Bustos Garcia's children.

Moreover, showing "deferen[ce]" to the BIA, *Wilkinson*, 601 U.S. at 225, we conclude that the BIA reasonably determined that the hardship to Bustos Garcia's children, while unfortunate, did not rise to the level of "exceptional and extremely unusual." The BIA recognized that Bustos Garcia's removal would

3

have an emotional impact on her children, her two older children were experiencing depression, and her family would face some financial difficulties, but concluded that such difficulties are, regrettably, typical for many families facing removal of a noncitizen parent. *See, e.g.*, *Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005) (stating that even though the applicant's children would suffer emotionally if separated from their father, it was a "sadly common hardship[]" and not "exceptional and extremely unusual" because the children would be cared for by other family members).

3.  Bustos Garcia also argues that the IJ violated her due process rights by prejudging her case during the merits hearing prior to receiving testimony. Her argument is premised on a conversation between the IJ and her counsel regarding amending her application to include her financial assets. The Government contends that Bustos Garcia failed to exhaust this issue because she did not sufficiently raise it in her brief to the BIA.

We decline to consider Bustos Garcia's due process argument based on her failure to exhaust before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is properly raised (citation omitted)); *see also Sola v. Holder*, 720 F.3d 1134, 1135-36 (9th Cir. 2013) (per curiam) (explaining that

4

while constitutional challenges are generally excepted from exhaustion, exhaustion applies to due process claims concerning alleged procedural errors that the BIA could have addressed).  Her brief to the BIA was insufficient to put the BIA on notice that she was raising a due process issue.

**PETITION FOR REVIEW DENIED**.