**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



HENRI MORALES URIAS; MARIA
PINEDA-DE MORALES; YANIRA
MORALES-PINEDA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-3433

Agency Nos.
A220-490-403
A220-490-404
A220-490-405

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2024**
Phoenix, Arizona

Before: HAWKINS, TASHIMA, and OWENS, Circuit Judges.

Henri Omar Morales Urias, his wife Maria Pineda-De Morales, and their

daughter Yanira Morales-Pineda, all natives and citizens of El Salvador, petition

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

for review from the Board of Immigration Appeals' ("BIA") decision dismissing their appeal of an immigration judge's ("IJ") decision denying their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We review the factual findings underlying eligibility determinations for asylum, withholding of removal, and CAT protection for "substantial evidence." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

First, regarding the asylum and withholding of removal claims, substantial evidence supports the BIA's conclusion that Petitioners failed to "show [the required] nexus between [their] past harms or feared future harm and [their] statutorily protected characteristics." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1018 (9th Cir. 2023). For example, Mr. Morales Urias' declaration states his belief that the anonymous caller attempted to extort his wife's family because of their perceived wealth. An applicant's "desire to be free from harassment by criminals motivated by theft . . . bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010). A lack of any nexus to a protected ground is dispositive for both asylum and withholding of removal claims. *See Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (per curiam) (explaining that a "finding of *no* nexus" defeats both asylum and withholding of removal claims, despite their

differing nexus standards).

Second, regarding the CAT claim, substantial evidence supports the BIA's conclusion that Petitioners did not establish that they are more likely than not to be tortured by, or with the acquiescence of, government officials acting in an official capacity if they are forced to return to El Salvador. *See Plancarte Sauceda*, 23 F.4th at 834; 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). Mrs. Pineda-De Morales testified that, despite their fears, she and her family members, including those still living in El Salvador, have lived safely and without incident since the attempted extortion in 2015. Without more than evidence about general country conditions and unfulfilled threats from 2015, the record does not compel the conclusion that Petitioners are more likely than not to be tortured upon their return to El Salvador. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("[G]eneralized evidence of violence and crime . . . is not particular . . . and is insufficient to meet [the CAT] standard.").

Lastly, we decline to consider Petitioners' due process argument, which they did not raise in their BIA appeal, due to their failure to exhaust their administrative remedies. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) (noting that administrative exhaustion under 8 U.S.C. § 1252(d)(1), while not jurisdictional, is a claim-processing rule that the court "must enforce" when it is "properly raise[d]" (citation omitted)); *Sola v. Holder*, 720 F.3d 1134, 1135-36

(9th Cir. 2013) (per curiam) (explaining that exhaustion applies to due process claims concerning alleged procedural errors that the BIA could have addressed, even if constitutional challenges are generally excepted from exhaustion).

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.