NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



CARLOS ATILUA-DIAZ; DALIA
ARDILA-PABON; MADDIE ATILUA-
ARDILA,

        Petitioners,

  v.

MERRICK B. GARLAND, Attorney
General,

        Respondent.

No. 23-2481

Agency Nos.
A240-818-640
A240-823-784
A240-823-783

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 6, 2024**
Phoenix, Arizona

Before: PAEZ, BERZON, and OWENS, Circuit Judges.

Lead petitioner Carlos Atilua-Diaz, his partner Dalia Ardila-Pabon, and his

minor child, Maddie Atilua-Ardila, natives and citizens of Colombia, petition for

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review of the Board of Immigration Appeals' ("BIA") dismissal of their appeal of the Immigration Judge's ("IJ") denial of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). "Where the BIA writes its own decision, as it did here, we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (citation omitted). "We review 'denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (citation omitted). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Among other requirements, to be eligible for asylum, Atilua-Diaz has the burden of establishing he suffered past persecution or has a well-founded fear of future persecution based on a protected ground. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750–51 (9th Cir. 2021). Because the BIA solely relied upon Atilua-Diaz's failure to establish past persecution or a well-founded fear of future persecution, our review of the asylum claim is limited to those grounds. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).

The BIA upheld the IJ's finding that Atilua-Diaz did not establish past persecution. Atilua-Diaz contends the one in person threat and three threatening

phone calls he received from Fuerzas Armadas Revolucionarias de Colombia (FARC) dissidents amounted to past persecution. However, "[o]ur court generally treats unfulfilled threats, without more, as within that category of conduct indicative of a danger of future persecution, rather than as past persecution itself." *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). We agree with the agency that Atilua-Diaz has not demonstrated he suffered past persecution.[1] *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("[M]ost threats do not rise to the level of persecution.").

The BIA also upheld the IJ's finding that Atilua-Diaz did not have an objective well-founded fear of future persecution. "[T]he petitioner cannot simply prove that there exists a generalized or random possibility of persecution in his native country; he must show that he is at particular risk—that his 'predicament is appreciably different from the dangers faced by [his] fellow citizens.'" *Kotasz v. INS*, 31 F.3d 847, 852 (9th Cir. 1994) (alteration in original) (citation omitted). Atilua-Diaz does not address the Colombian government's efforts to combat the FARC dissidents. He has not identified any direct or specific evidence in the record "that would support a reasonable fear of persecution." *Gu v. Gonzales*, 454

---

[1] "[T]he standard of review for past persecution is currently unsettled." *Antonio v. Garland*, 58 F.4th 1067, 1072 n.8 (9th Cir. 2023). However, because the harm Atilua-Diaz suffered did not rise to the level of persecution under either the de novo or substantial evidence standard, we need not address which standard applies. *See id.* (citing *Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022)).

F.3d 1014, 1019 (9th Cir. 2006) (citation omitted). Substantial evidence supports the BIA's determination that Atilua-Diaz has not demonstrated a well-founded fear of future persecution.

Because Atilua-Diaz has not established past persecution or a well-founded fear of future persecution, he has not demonstrated his eligibility for asylum. *See Rodriguez Tornes*, 993 F.3d at 750–51. We deny the petition as to his asylum claim.

2. The agency denied Atilua-Diaz's claim for withholding of removal because he could not meet the lower burden of proof for asylum. To be eligible for withholding of removal, Atilua-Diaz must show a "clear probability" of future persecution because of a protected ground, which is a "more stringent burden of proof than the standard for asylum." *Garcia*, 988 F.3d at 1146. Because Atilua-Diaz has not met the "lesser burden of establishing" his eligibility for asylum, he necessarily fails to meet the higher burden of establishing his eligibility for withholding of removal. *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001). We deny the petition as to his withholding of removal claim.

3. The BIA found that Atilua-Diaz waived his claim for protection under the CAT. We deny the petition as to the CAT claim because Atilua-Diaz does not challenge the BIA's finding of waiver. *See Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020) (issues not raised in the opening brief are waived).

4.  The BIA rejected Atilua-Diaz's due process claim because he did not identify any due process error and, therefore, could not demonstrate prejudice by such error.  Before our court, Atilua-Diaz argues the removal proceedings violated due process because the IJ played an improper prosecutorial role and ignored the most salient portions of his testimony.  Because Atilua-Diaz did not make this argument before the BIA, and because he does not challenge the BIA's rejection of his due process claim, he likely failed to exhaust the argument, *see Sola v. Holder*, 720 F.3d 1134, 1135–36 (9th Cir. 2013) (per curiam), or waived it, *see Nguyen*, 983 F.3d at 1102.  In any event, we reject Atilua-Diaz's due process claim because he does not show error or prejudice.  *See Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th Cir. 2020) ("To prevail on a due process challenge to deportation proceedings, [petitioners] must show error and substantial prejudice." (citation omitted)).

5.  The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.