NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 2 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE NUMAN CARRANZA, | No. 16-70575 |
| Petitioner, | |
| v. | Agency No. 089-670-327 |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted January 11, 2022
Submission Withdrawn May 6, 2022
Resubmitted June 16, 2025
Pasadena, California

Before: WALLACE, BOGGS,** and FRIEDLAND, Circuit Judges.

Jose Numan Carranza, a native and citizen of El Salvador, petitions this court

for review of the decision of the Board of Immigration Appeals (BIA) denying his

application for asylum and withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Convention Against Torture (CAT). 8 U.S.C. §§ 1158(b)(l)(A), 1231(b)(3)(A); 8 C.F.R. § 1208.16(c).

When the BIA issues its own decision, while relying in part on the reasoning of the immigration judge (IJ), we review the BIA's decision and those parts of the IJ's decision upon which the BIA relies. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027-28 (9th Cir. 2019). Questions of law are reviewed de novo. *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012). Factual findings underlying the BIA's determination that a petitioner is not eligible for asylum, withholding of removal, or CAT relief are reviewed for substantial evidence. *Fakhry v. Mukasey*, 524 F.3d 1057, 1062 (9th Cir. 2008). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

In 2007, Carranza left El Salvador after receiving threats from gangs and corrupt law-enforcement officials as a result of his work as a narcotics police officer. He entered the United States on a six-month nonimmigrant visitor's visa in December 2007. Carranza's wife, who was already in the United States and working, filed two adjustment-of-status applications based on her employment status. 8 U.S.C. § 1255(i), (k). Carranza sought adjustment as a derivative of his wife's applications.

In December 2008, while their adjustment applications were pending, Carranza was convicted of indecent exposure. In January 2009, he was served with

a Notice to Appear on grounds that he was unlawfully present for overstaying his visa and had been convicted of a crime of moral turpitude. 8 U.S.C. § 1227(a)(1)(B), (a)(2)(A)(i). Carranza filed a motion to terminate proceedings based on his pending adjustment applications. The IJ denied the motion and his removal proceedings continued.

In 2011, after USCIS had denied all of his adjustment applications, Carranza moved for de novo review of his wife's applications by the IJ. However, in December 2011, Carranza's counsel discovered an error in Carranza's wife's application and realized that she and Carranza were ineligible for adjustment under § 1255(i).[1] On January 24, 2012, four years after entering the United States, Carranza submitted to the immigration court an application for asylum, withholding of removal, and CAT protection.

In September 2014, the IJ held that Carranza was not eligible for asylum because his application was not filed within one year of his arrival in the United States, 8 U.S.C. § 1158(a)(2)(B), and that he had not demonstrated changed or extraordinary circumstances that would excuse his late filing, *id.* § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4)(i), (a)(5). In February 2016, the BIA affirmed the IJ, and

---

[1] Carranza's wife had also applied for Temporary Protected Status, which she was granted in December 2011.

Carranza timely filed this appeal.[2]

1. We hold that Carranza's pursuit of other avenues of relief with USCIS and the immigration court are not extraordinary circumstances and do not qualify him for an exception to the one-year filing deadline for asylum. 8 U.S.C. § 1158(a)(2)(B). He and his wife's pending adjustment applications did not prevent, preclude, or excuse him from also seeking asylum. *See* 8 C.F.R. § 208.4(a)(5). Even if it did, the BIA held that the application was not filed within a "reasonable" period of time. Petitioner has failed to show that substantial evidence compels a different finding. 8 C.F.R. § 1208.4(a)(4)(ii), (a)(5). The BIA also did not err by not considering Carranza's argument that the country-conditions evidence established changed circumstances because Carranza did not present that argument to the IJ. *See Honcharov v. Barr*, 924 F.3d 1293, 1297 (9th Cir. 2019).[3]

2. The BIA also held that Carranza was not eligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(A). To be eligible for withholding, an applicant must demonstrate past persecution or a clear probability of future persecution to the extent that his life or freedom is imperiled because of his race, religion, nationality,

---

[2] After oral argument in January 2022, the case was administratively closed in May 2022. In May 2025, the government filed a motion to reopen, and the case was resubmitted on June 16, 2025.

[3] We decline to consider Carranza's claim that the BIA violated procedural due process by failing to accept his application for asylum, because he did not exhaust that claim before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); *Sola v. Holder*, 720 F.3d 1134, 1136 (9th Cir. 2013).

membership in a particular social group, or political opinion. *Id.*; 8 C.F.R. § 1208.16(b)(1). Substantial evidence supports the BIA's conclusion that the harm Carranza suffered did not rise to the level of past persecution. *See Duran-Rodriguez*, 918 F.3d at 1028 ("Persecution is 'an extreme concept that does not include every sort of treatment our society regards as offensive.'" (quoting *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003))).

The BIA held that Carranza's claimed fear of future persecution based on his membership in a disfavored social group of former narcotics officers of El Salvador's police force was not objectively reasonable as Carranza failed to present sufficient evidence that it was more likely than not that gangs, corrupt police officers, or anyone in El Salvador currently seeks to harm him. 8 C.F.R. § 208.16(b)(2); s*ee Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009). Carranza does not argue that he is subject to a pattern or practice of persecution and instead concedes that he must show some individualized risk. *See Wakkary*, 558 F.3d at 1065-66 (explaining that, "absent a 'pattern or practice' of persecution," a petitioner must provide "evidence of individualized risk" to succeed on a withholding of removal claim). Substantial evidence supports the BIA's determination that there was not an individualized threat to Carranza's life or freedom because 1) the police had responded to his one previous call for assistance while travelling; 2) Carranza failed to provide documented corroboration concerning a fellow officer's arrest; 3) his

testimony regarding threats in El Salvador was "extremely general;" and 4) he had voluntarily returned to El Salvador several times. *See Halim v. Holder*, 590 F.3d 971, 978 (9th Cir. 2009) ("[E]ven where an applicant has shown membership in a disfavored group, he or she must still present some evidence of individualized risk.").

To prevail on his CAT claim, Carranza must show that it is "more likely than not" that he will be tortured "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(3), 1208.18(a)(1). Carranza did not present any evidence other than that presented as part of his withholding claim and, lacking more, his CAT claim fails.

**PETITION FOR REVIEW DENIED**.