**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

ORESTES CABRERA,

    Petitioner,

v.

PAMELA BONDI, Attorney General,

    Respondent.

No. 24-6951

Agency No.
A074-124-585

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2025**
Pasadena, California

Before: TASHIMA, BYBEE, and IKUTA, Circuit Judges.

Orestes Cabrera Alfonso, a native and citizen of Cuba, petitions for review

of an order of the Board of Immigration Appeals (BIA) affirming the decision of

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an immigration judge (IJ) denying deferral of removal under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Substantial evidence supports the denial of CAT deferral. *See Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022). Reviewing de novo, we conclude that the incidents of past harm Cabrera suffered did not rise to the level of torture. *See Ahmed v. Keisler*, 504 F.3d 1183, 1200–01 (9th Cir. 2007); *Kumar v. Gonzales*, 444 F.3d 1043, 1055 (9th Cir. 2006). The record does not compel the conclusion that Cabrera would more likely than not be tortured by or with the consent or acquiescence of Cuban officials if removed. 8 C.F.R. § 1208.16(c)(3); *Gomez Fernandez v. Barr*, 969 F.3d 1077, 1091 (9th Cir. 2020). The IJ considered "the evidentiary record as a whole," and "all sources of torture in the aggregate" in denying CAT deferral, and did not improperly require Cabrera to show that his political activities were "one central reason" that he would be tortured on removal.

Cabrera's due process claims also fail. Because Cabrera's due process claims pertain to procedural errors that the BIA could have corrected, he was obligated to exhaust them before the BIA. *Sola v. Holder*, 720 F.3d 1134, 1135 (9th Cir. 2013). Cabrera did not exhaust his due process claims, so we do not

consider them. *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023); 8 U.S.C.

§ 1252(d)(1).

**PETITION DENIED.**[1]

---

[1] Cabrera's motion to stay removal (Dkt. 2) is DENIED.